UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONNA DOLPH,

        Plaintiff,

        v.

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

        Defendant.

Civil No. 06-46-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

    Plaintiff Donna Dolph brings this action for judicial review of a final decision from defendant Commissioner denying plaintiff's application for disability insurance benefits (DIB) and Supplemental Security Income (SSI) payments. Plaintiff first filed an application for these benefits

---

[1] On February 12, 2007, Michael J. Astrue became Commissioner of Social Security and he should be substituted in these proceedings as such. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25 (d)(1).

1 - OPINION AND ORDER

sometime in 2001. This application was denied on October 9, 2001. Plaintiff did not seek an appeal of this denial.

Plaintiff filed new applications for SSI and DIB on January 31, 2003, and February 26, 2003, respectively. Her application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). A hearing was held on February 24, 2005, at which the ALJ heard testimony from plaintiff and a vocational expert (VE). The ALJ issued a ruling on March 21, 2005, concluding that plaintiff was not entitled to benefits. This decision became the Commissioner's final decision upon the Appeals Council's denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff subsequently filed a Complaint seeking this court's judicial review.

## STANDARDS

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to a second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude SGA. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in the fifth step, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her

residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720-21.

## SUMMARY OF THE ALJ'S FINDINGS

At Step One of the five-step analysis used by the Commissioner, the ALJ found that plaintiff has not engaged in SGA since the alleged onset of her disability. Transcript of Record (hereinafter "Tr.") 18, Finding 2.

At Step Two, the ALJ found that plaintiff had severe impairments including cervical degenerative disc disease and calcific tendonitis of the arms and shoulders. Tr. 20, Finding 3.

At Step Three, the ALJ found that plaintiff's impairments, individually and in combination, did not meet or equal the requirements of a listed impairment. Tr. 21, Finding 4.

At Step Four, the ALJ found that plaintiff is unable to perform her past relevant work. Tr. 24, Finding 7. The ALJ so found after determining that plaintiff has a RFC to perform a significant range of light work as follows: Plaintiff can lift and carry ten pounds frequently and twenty pounds occasionally, but requires the option to change her position from sitting to standing at will. Further, plaintiff must not be required to use ladders, ropes, or scaffolds, or to use her hands on a constant or repetitive basis. Plaintiff is limited to occasional reaching, climbing, balancing, stooping, kneeling, crouching, and crawling. Plaintiff is also restricted to simple, routine, repetitive work, and to occasional interaction with the general public in a well-structured manner. Tr. 23, Findings 6, 11.

At Step Five, based in part upon the testimony of a VE, the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy. Tr. 25, Finding 12;

*see also* 20 C.F.R. §§ 404.1567, 416.967. This work included employment as a small products assembler, a cashier, or an electronics components inspector. *Id*.

## FACTS

The relevant background has been presented thoroughly by the parties and in the ALJ's decision, and is summarized here. Plaintiff was forty-seven years old at the time the ALJ rendered a decision. She alleged that her disability began on December 1, 1999, stemming from neck and shoulder pain and migraine headaches. At the hearing, plaintiff also alleged disability due to right elbow pain, wrist pain, right-sided abdominal pain in the kidney area, right knee pain, left foot pain, and problems with her vision. More specific medical facts and background will be addressed as necessary in conjunction with the parties' remaining legal arguments.

## QUESTIONS PRESENTED

Plaintiff argues that this court should reopen her earlier disability application due to the presence of a colorable constitutional claim. Pl.'s Mem. at 8-10. This court finds no basis for reopening the prior determination.

Plaintiff further contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits, primarily due to alleged errors by the ALJ at Step Two, where the ALJ found two of plaintiff's alleged impairments to be "severe," but allegedly failed to recognize plaintiff's other alleged impairments as "severe." Pl.'s Mem. at 10-11. Plaintiff also asserts that the ALJ improperly found her testimony not entirely credible. Pl.'s Mem. at 18-19. This court has examined plaintiff's arguments, and concludes that they are without merit.

**DISCUSSION**

1.      **Plaintiff's Prior Disability Application**

Plaintiff argues that this court should reopen her prior disability application. A decision not to reopen a prior, final benefits decision ordinarily does not constitute a final decision, and so is not subject to judicial review. *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977). *Sanders*, however, recognized an exception "where the [Commissioner's] denial of a petition to reopen is challenged on constitutional grounds." *Id.* at 109. The *Sanders* exception encompasses "any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997) (citations omitted). A challenge that is not "wholly insubstantial, immaterial, or frivolous" raises a colorable constitutional claim. *Boettcher v. Sec'y of Health & Human Serv.*, 759 F.2d 719, 722 (9th Cir. 1985). The Ninth Circuit recognized a colorable constitutional claim when a claimant alleged that a prior determination should be reopened because he suffered from a mental impairment and was not represented by counsel at the time benefits were denied. *Evans*, 110 F.3d at 1483.

This court finds no basis for reopening plaintiff's prior disability application here. Although represented by counsel during the administrative process on the current application, plaintiff made no request to reopen her prior application until this appeal. Accordingly, the Commissioner never made a determination refusing to reopen the prior application, and there is nothing for this court to review. *Cf. Udd*, 245 F.3d at 1098 (reviewing ALJ's rejection of claimant's request that a prior termination be reopened to permit him to receive benefits retroactively); *Evans*, 110 F.3d at 1481

(allowing judicial review of the Commissioner's denial of claimant's request to reopen prior application).

**2.       Plaintiff's Testimony**

Plaintiff also asserts that the ALJ erred in evaluating her testimony.  If an ALJ finds that a claimant's testimony relating to limitations is unreliable, the ALJ must make a credibility determination citing the reasons why that testimony is unpersuasive.  *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).  The ALJ must identify specifically what testimony is credible and what testimony undermines the claimant's complaints.  *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In evaluating a claimant's claim of subjective symptom testimony, the ALJ must determine whether the claimant has produced objective medical evidence of an underlying impairment which could reasonably be expected to produce the symptoms alleged.  20 C.F.R. § 404.1529(a); *Smolen v. Chater*, 80 F.3d 1273,1281-82 (9th Cir. 1996) (citation and quotation omitted).  An ALJ may consider medical evidence as a relevant factor in determining a claimant's credibility.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The Ninth Circuit set out a threshold test in *Cotton v. Bowen* (reaffirmed in *Bunnell*) to assist the ALJ in deciding whether to accept a claimant's subjective symptom testimony.  *See* 799 F.2d 1403 (9th Cir. 1986).  If the claimant produces evidence that meets the *Cotton* test, and there is no evidence of malingering, then the ALJ can reject the claimant's testimony about the severity of symptoms only after offering specific, clear and convincing reasons for doing so.  *See Dodrill*, 12 F.3d at 918.

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms must meet two tests. First, the claimant "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged'" *Bunnell*, 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A)); *see also Cotton*, 799 F.2d at 1407. Second, he or she must show that the impairment or combination of impairments could reasonably be expected to (not necessarily that it did) produce some degree of symptom. This means that the claimant need not produce objective medical evidence of the *symptom*, or the severity thereof:

> Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the *Cotton* test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon. Finally, the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. This approach reflects the highly subjective and idiosyncratic nature of pain and other such symptoms. . . . Thus, the ALJ may not reject subjective symptom testimony under the *Cotton* analysis simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged.

*Smolen*, 80 F.3d at 1282 (emphasis added) (citations and footnote omitted).

In addition to medical evidence, factors relevant to the ALJ's credibility determination include: a plaintiff's daily activities; the location, duration, frequency, and intensity of his or her symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; treatment, other than medication; measures used to relieve symptoms; and functional limitations caused by the symptoms. *Id.* at 1284; 20 C.F.R. § 404.1529(c)(3).

"The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284 (citation omitted). In determining that subjective testimony is not credible, the ALJ may rely on:

9  - OPINION AND ORDER

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Id*. (citations and footnote omitted).

In sum, if the plaintiff has met the burden of showing that his or her impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of the symptoms plaintiff's testimony describes, and there is no evidence suggesting that the plaintiff is malingering, the ALJ may not reject testimony regarding the severity of plaintiff's symptoms unless there are clear and convincing reasons for doing so. *Id*. at 1283; *see also Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

In this case, plaintiff produced some objective medical evidence regarding her impairments. However, the ALJ also referred to clear and convincing evidence in the record supporting the ALJ's partial rejection of plaintiff's testimony about her limitations. The ALJ examined the relevant medical reports extensively before concluding that plaintiff's testimony regarding the impact of her impairments was only partially supported by the medical evidence. The ALJ acknowledged that plaintiff's conditions included cervical degenerative disc disease, calcific tendonitis of the arms and shoulders, a small disc protrusion at L4-5, and a non-severe schizoaffective disorder and included these issues in deciding to restrict plaintiff to light and sedentary work with a sit or stand option, and that entails only simple, routine, repetitive work and occasional interaction with the general public in a well-structured manner. Tr. 23-25.

The ALJ properly concluded that plaintiff's subjective testimony regarding her symptoms was only partially credible. Tr. 21-22. The ALJ found that some of plaintiff's alleged symptoms

and their intensity, persistence, and limiting effects are unsupported by objective medical findings or other corroborating evidence. Tr. 21. For example, the ALJ noted plaintiff's complaints of pain in her left elbow, which were belied by an examination that showed no swelling and x-rays that were normal. Tr. 19. Similarly, the ALJ noted that x-rays performed in response to plaintiff's complaints of left hand and foot pain were negative. Tr. 19.

The ALJ also considered medical reports of improvement and conservative treatment that were at odds with plaintiff's complaints of continued and severe impairment. *See Morgan v. Comm'r of Soc. Sec*, 169 F.3d 595, 599-600 (9th Cir. 1999). For example, the ALJ referred to an examination showing that plaintiff's corrected visual acuity was within normal limits, as well as a report that plaintiff's right knee strain was resolving. Tr. 19. The ALJ also noted that plaintiff was prescribed conservative treatment for her left knee complaints. Tr. 19.

Additionally, the ALJ relied on ordinary techniques for evaluating plaintiff's credibility, including evidence suggesting that plaintiff has exaggerated her symptoms and limitations. Tr. 21. The ALJ referenced an examination by Douglas Bald, M.D., which suggested that plaintiff has embellished her symptoms. Tr. 21. Although plaintiff reported exquisite tenderness in her shoulder, she showed only slight restriction in action motion and her passive motion was "entirely normal." Tr. 193. The ALJ also noted observations by Mark Spofford, Ph.D., that plaintiff tends to over-interpret events to the point that some of her beliefs may be regarded as delusional. Tr. 21, 171. Accordingly, the ALJ reasonably concluded that plaintiff's subjective testimony regarding her symptoms and limitations was an unreliable basis upon which to establish plaintiff's RFC. Tr. 21-22.

Moreover, the ALJ noted plaintiff's failure to follow treatment recommendations for her alleged mental health impairments, including Dr. Spofford's report that plaintiff declined medication and psychotherapy. Tr. 20, 172.

Finally, there is evidence that plaintiff enjoys numerous activities of daily living that establish that she is not as limited as she testified. The ALJ referenced plaintiff's testimony that she can groom herself, perform household chores, grocery shop once a week, drive a car, use public transportation, engage in hobbies or pastimes such as card playing, reading, and watching television, and that she frequently prepares meals. Tr. 22. The ALJ also noted plaintiff's activities reported by her mother, which included taking walks, grocery shopping, exercising, working in the garden, going camping, and occasionally doing arts and crafts. Tr. 22. An ALJ may properly consider a claimant's activities of daily living when assessing his or her credibility. *See Thomas*, 278 F.3d at 958-59.

This court concludes that plaintiff's credibility was evaluated properly in light of the lack of medical evidence to support the severity of limitations she claimed and the inconsistencies between her reported daily activities and her alleged limitations. The ALJ offered clear and convincing reasons for rejecting plaintiff's allegation of disability, which are supported by substantial evidence. Tr. 21-22.

### 2.     Plaintiff's Impairments

Plaintiff argues that the ALJ erred in finding that all but two of her alleged impairments were not severe. The burden to establish the existence of a severe impairment that prevents a

claimant from performing substantial gainful activity rests with the claimant. *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *Tackett*, 180 F.3d at 1098-99. This burden also includes establishing that the severe impairments lasted (or will last) for at least twelve continuous months. *See* 20 C.F.R. §§ 416.905, 416.912.

Medical evidence is essential for assessing the impacts of a claimant's impairments upon his or her ability to do basic work activities. *See* SSR 85-28. Non-severe impairments are those that do not significantly limit a claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 416.921(a); *see also Bowen v. Yuckert*, 841 F.2d 303, 306 (1988) (citations omitted) (an impairment or combination of impairments is found "not severe" when the evidence establishes that the impairment is a slight abnormality that has no more than a minimal effect on an individual's ability to work).

"Basic work activities" include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. *See* 20 C.F.R. §§ 416.921(b)(1)-(6).

Conversely, an impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. *Smolen*, 80 F.3d at 1290; SSR 96-3p.

Plaintiff contends that the ALJ erred in concluding that "all but two of [plaintiff's] impairments did not limit her physical or mental abilities to do basic work activities." Pl.'s Mem. at 12. This court disagrees.

13 - OPINION AND ORDER

The ALJ reviewed plaintiff's allegations of physical impairments thoroughly. Tr. 19-20. The ALJ's determination that plaintiff's physical problems were not severe was supported by relevant medical evidence. This evidence includes reports of improvement and successful conservative treatment for her complaints of headaches, knee and elbow pain, and visual problems. Also, as reviewed above, plaintiff's subjective descriptions of physical limitations were inconsistent with the medical evidence and the evidence of plaintiff's activities.

Plaintiff does not challenge the ALJ's evaluation of the opinion of Lisa Paul, M.D., or the ALJ's conclusion that her opinions presented in an "attorney-created, goal directed, check-the-box, fill in the blank form," failed to support plaintiff's alleged physical limitations because the form contained "no real description of medical findings and [were] merely brief and conclusory in form." Tr. 23.

The ALJ also reviewed plaintiff's allegations of mental impairments and determined properly that the medical evidence did not support a finding that these impairments were severe. The ALJ correctly noted that none of plaintiff's treating medical sources offered an opinion regarding her mental RFC. Tr. 20. Contrary to plaintiff's assertions, the ALJ acknowledged Dr. Spofford's diagnoses of schizotypal personality traits, a delusional disorder, and impairments in social functioning, but found them consistent with the state agency consultants' opinions that plaintiff has a non-severe schizoaffective disorder and experiences mild difficulties in maintaining concentration, persistence, and pace. Tr. 20. The ALJ accounted for these limitations in restricting plaintiff to simple, routine, repetitive work and only occasional interaction with the general public in a well-structured manner. Tr. 23.

The ALJ concluded correctly that plaintiff failed to meet her burdens of proof as they pertain to her allegations of severe physical or mental impairments. There is no medical evidence supporting physical or mental impairments that exceeded those that were incorporated within the scope of limitations recognized by the ALJ. Tr. 19-22. Plaintiff failed to establish that she had severe physical or mental impairments, and the ALJ's findings at Step Two were supported by substantial evidence in the record and are free of legal error.

## CONCLUSION

Based on the foregoing, the findings of the Commissioner are based upon the correct legal standards and are supported by substantial evidence in the record. The final decision of the Commissioner denying plaintiff Donna Dolph's applications for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this ___30___ day of March, 2007.

        /s/ ANCER L. HAGGERTY
         ANCER L. HAGGERTY
        United States District Judge